**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIE RIGGINS, #164175,

    Petitioner,

                                  Civil No: 06-CV-13285
                                  Honorable Gerald E. Rosen
                                  Magistrate Judge Virginia M. Morgan

v.

BLAINE LAFLER,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

    Petitioner, Willie Riggins, is a state inmate currently incarcerated at St. Louis Correctional Facility in St. Louis, Michigan. Petitioner was convicted after his guilty plea in Wayne County Circuit Court, of armed robbery, Mich. Comp. Laws §750.529. In exchange for Petitioner's guilty plea, he entered into a sentencing agreement wherein it stated that he would not be charged as an habitual offender and would serve seven to twenty years for the armed robbery conviction. At the close of the plea hearing, the trial court set February 4, 2005 as the date for sentencing, and allowed Petitioner to remain on bond until then.

    Petitioner failed to appear for sentencing and was picked up on February 5, 2005 on another armed robbery and felonious assault charge. On February 8, 2005, Petitioner appeared before the Court for sentencing. He claimed he did not appear on February 4, 2005 because he had the dates mixed up; and he thought the sentencing was scheduled

to take place on February 14, 2005. Because of Petitioner's failure to appear on the scheduled sentencing date, the trial court found that it was no longer bound by the sentencing agreement and sentenced Petitioner to fifteen to twenty-five years.[1]

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

## I. BACKGROUND

Petitioner's conviction arose from his plea of guilty regarding the armed robbery of a parking lot booth employee.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the following claim:

> The trial judge committed error by not following the sentence agreement, or allowing the defendant to withdraw his guilty plea.

Petitioner's delayed application for leave to appeal was denied "for lack of merit in the grounds presented." *People v. Riggins,* No. 265334 (Mich. Ct. App. Oct. 27, 2005).

Petitioner then sought leave from the Michigan Supreme Court raising the same issue presented before the Michigan Court of Appeals. Relief was denied "because we are not persuaded that the question presented should be reviewed by this Court." *People v. Riggins,* 475 Mich. 867; 714 NW2d 307(2006)(table).

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. §2254 raising the same claim presented to the state appellate courts.

---

[1] It is clear from reading the sentencing transcript that the trial court judge did not believe Petitioner's reason for failing to appear for the February 4, 2005 sentencing.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. §2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998).  Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable." *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

3

court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

> The Supreme Court explained the proper application of the "contrary to" clause: A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams,* 529 U.S. at 405-06.

The Supreme Court held a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

## III.  DISCUSSION

### A.  Sentencing Agreement

Petitioner asserts that the trial court erred when it failed to abide by the sentencing agreement wherein Petitioner was to receive a seven to twenty year term of imprisonment; and not be sentenced as an habitual offender.   Since Petitioner failed to appear on the date and time for sentencing, the trial court deemed the sentencing agreement breached and no longer enforceable.  Therefore, the trial court imposed a sentence of fifteen to twenty-five years in prison.  Petitioner admits to being in breach of the sentencing agreement, but claims that his breach was due to an honest mistake of believing his sentencing was scheduled to take place on a later date.  Petitioner therefore challenges the trial judge's refusal to enforce the sentencing agreement.  The Court agrees with the decision of the trial judge, the basis upon which is three-fold.

First, the Supreme Court has never held that a criminal defendant who first breaches a plea agreement may nevertheless insist upon its enforcement.  Though not exactly on point, the Supreme Court held a defendant's breach of the plea agreement removes the double jeopardy bar to prosecuting a higher charge. *See Rickets v. Adamson*, 483 U.S. 1, 8 (1987) (holding that the respondent's breach of the plea agreement removed the double jeopardy bar to prosecution for first-degree murder even though defendant had pleaded guilty to second-degree murder). Moreover, a breaching defendant forfeits any rights to enforce a plea agreement. *See e.g. United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000). The Court agrees that Petitioner's breach renders the plea agreement unenforceable.

5

Second, plea agreements are to be interpreted and enforced using principles of contract law. *Wells*, 211 F.3d at 995 (quoting *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)). As discussed above, Petitioner breached a term of the plea agreement and consequently, applying basic contract principles, the agreement is no longer binding on the other party to the contract - the government. Therefore, the judge correctly refused to enforce the breached plea agreement against the government.

Finally, Petitioner disagrees with the state court's refusal to have allowed him to withdraw his guilty plea. Under the AEDPA standard, Petitioner must show that the trial court's refusal to allow him to withdraw his guilty plea violated some constitutional principle. A refusal to allow a defendant to withdraw his guilty plea violates the Sixth Amendment and the Due Process Clause when the plea was unfairly obtained. *Santobello v. New York*, 404 U.S. 257, 264-65 (1971). However, no where in the Constitution does it support the principle that a defendant may withdraw his guilty plea when he breaches the plea agreement.

In fact, the Court observes that a petitioner has no absolute right to withdraw his guilty plea. See *Shanks v. Wolfenbarger,* 387 F.Supp.2d 740, 748 (E.D. Mich. 2005) (internal citations omitted). Therefore, unless the plea violates a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.* The trial court did not find Petitioner's excuse for failing to appear credible; and this Court will defer to the trial court's assessment of Petitioner's credibility.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**


                                        s/Gerald E. Rosen
                                        GERALD E. ROSEN, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT


Dated:   May 8, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on   May 8, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                       Brad H. Beaver                                                                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
           Willie Riggins, #164175, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880                         .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (313) 234-5137